# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ASHLEY BOURGEOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:24-cv-01477 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| WESTERN EXPRESS, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant Western Express motion to dismiss the Amended Complaint (Doc. No. 20), to which Plaintiff Ashley Bourgeois filed a response (Doc. No. 25), and Defendant filed a reply (Doc. No. 27).

For the reasons set forth below, Defendant's Motion to Dismiss will be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

Plaintiff worked as a truck driver for Defendant Western Express, Inc. ("Western Express"). Plaintiff alleges that while she was completing her training, she was subjected to a hostile work environment, sexually harassed, and assaulted by her trainer, Marques Conway. Plaintiff alleges that Conway was responsible for signing off on her training and had the ability to "fail" her. During one of the drives, Plaintiff claims that Conway made comments suggesting that they would have sexual relations and stated that they would "have fun at the truck stop." Plaintiff states that while she was changing into nightclothes in the back of the truck, Conway reached through the curtain and grabbed her backside, grabbed her between the legs, and told her she needed to think about having sex with him. Plaintiff felt that Conway would not sign off on her training if she refused to have sex with him. She told Conway to pull the truck over and informed

him that she had him on recording and was calling the police. Conway attempted to grab her phone. He was apparently unsuccessful, and Plaintiff called the Virginia State Police (they had traveled into Virginia). Plaintiff gave the police the recordings to press charges.

After getting out of the truck, Plaintiff had no way to return home. While Plaintiff was stranded in Virginia, Western Express paid for her to stay in a hotel.

She reported Conway's conduct to her manager, Connor Hawkins, and sent him the recording, but Hawkins did not immediately notify human resources or send them the recordings. It was not until five days later that Plaintiff spoke with someone in human resources. Western Express assigned Plaintiff another trainer, but Conway was allowed to continue working.

Plaintiff claims that after she complained about Conway, Western Express retaliated against her by failing to give her pay raises as promised, overloading her trailer, assigning trailers that do not meet inspection requirements, and assigning her a trainee even though she did not agree to have a trainee due to concerns that it would exacerbate her anxiety. Plaintiff also stated that after filing this lawsuit Western Express demoted her from regional trucking to over the road trucking. Plaintiff states that over the road trucking would require her to be on the road for up to six weeks at a time, which she could not do because she has a young child. Plaintiff claims the demotion, therefore, resulted in her constructive discharge.

Plaintiff brings claims against Western Express for sex discrimination, sexual harassment, and retaliation under Title VII (Counts I and II), sexual harassment and retaliation under the Tennessee Human Rights Act (Counts III and IV), assault and battery (Count V), and sex trafficking under 18 U.S.C. § 1591(a)(2) (Count VI). Defendant moves to dismiss Counts V and VI.

2

Case 3:24-cv-01477   Document 33   Filed 09/12/25   Page 2 of 7 PageID #: 216

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). If plaintiffs do not "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

## III. ANALYSIS

### A. Assault and Battery (Count V)

Defendant argues Plaintiff's claim for assault and battery should be dismissed because it is barred by the exclusive remedy provision of the Tennessee's Workers' Compensation Act ("TWCA"). (Doc. No. 21 at 2). Defendant argues that, although Tennessee courts have created an exception to the exclusivity provision for intentional torts premised on an "actual intent" to injure,

Plaintiff's assault and battery claims does not plead facts sufficient to show that Defendant had an actual intent to harm her. Plaintiff responds that "actual intent" is only applicable if the claim itself falls under the TWCA, which it does not.

This Court has previously considered whether a claim for assault and battery involving a sexual assault must be dismissed pursuant to the exclusivity provision of the TWCA and concluded that the exclusivity provision does not preclude such claims. *Doe v. Matthew 25, Inc*., 322 F. Supp. 3d 843, 851-53 (M.D. Tenn. 2018) (Trauger, J.); *Rositano v. Freightwise, LLC*, Case No. 3:20-cv-00420, 2021 WL 1174589 (M.D. Tenn. Mar. 26, 2021) (Crenshaw, J.); *Powell v. Western Express*, Inc., Case No. 3:24-cv-01315, 2025 WL 2306949 (M.D. Tenn. Aug. 11, 2025) (Crenshaw, J.). The Court finds the reasoning in *Matthew 25*, *Rositano*, and *Powell* equally applicable here.

Section 50-6-108(a) of the TWCA provides that "the rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident... shall exclude all other rights and remedies of the employee... at common law or otherwise, on account of the injury or death." Tenn. Code. Ann. § 50-6-108(a). "Pursuant to this section, workers' compensation law provides the exclusive remedy for an employee who is injured during the course and scope of his employment, meaning the employee is precluded from seeking tort damages for the injury." *Valencia v. Freeland and Lemm Const. Co*., 108 S.W.3d 239, 242 (Tenn. 2003) (citing *Liberty Mut. Ins. Co. v. Stevenson*, 368 S.W.2d 760 (Tenn. 1963)).

The exclusivity provision applies only to claims that fall under the TWCA, which covers claims that (1) arise out of employment, and (2) occur during the course of employment. *See Padilla v. Twin City Fire Ins. Co*., 324 S.W.3d 507, 511 (Tenn. 2010) ("To be compensable under [the TWCA], an injury must both arise out of the work and occur in the course of employment."); *Doe v. Matthew 25, Inc*., 322 F. Supp. 3d 843, 851-52 (M.D. Tenn. 2018) ("If an injury to an

4

employee does not fall within the parameters of the [workers compensation] law, then the exclusive remedies provision does not apply.") (internal quotations and citations omitted); *see also, Anderson v. Save-A-Lot, Ltd.*, 989 S.W.2d 277, 288 (Tenn. 1999) (claim for sexual harassment was not subject to the TWCA because it was "purely personal in nature" and, therefore, did not arise out of employment).

Construing the allegations in the Amended Complaint in the light most favorable to Plaintiff, she alleges an assault that would fall outside the bounds of the TWCA. Accordingly, Count I will not be dismissed.

**B.  Sex Trafficking (Count VI)**

Plaintiff claims Defendant is liable under 18 U.S.C. § 1591(a)(2), because it benefitted from Conway's solicitation of Plaintiff for sex in exchange for her continuing to receive training. Plaintiff claims Defendant "stood to benefit financially from Conway's threats to receive sexual favors in exchange for training, as well as his forced sexual engagement with Plaintiff as it would then have another trained individual driving its contracted loads." (Amended Complaint, Doc. No. 19 at ¶¶ 82-86).

The Court begins, as it must, with the language of the statute. Plaintiff alleges is sex trafficking in violation of 18 U.S.C. § 1591(a)(2). Section 1591(a)(2) addresses "whoever knowingly … benefits financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1)." 18 U.S.C. § 1591(a)(2). So, to determine if Plaintiff has stated a claim under section 1591(a)(2), the Court must also look at section 1591(a)(1), which, in relevant part, targets "whoever knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person … to cause the person to engage in a commercial sex act …" 18 U.S.C. § 1591(a).

5

A civil remedy for violation of Section 1591 is provided in 18 U.S.C. § 1595 which states, "An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) …" 18 U.S.C. § 1595.

Section 1591 includes several definitions important to this analysis. "Commercial sex act" means "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). The term "participation in a venture" means "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)." 18 U.S.C. § 1591(e)(4). "Venture" means "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. § 1591(e)(6).

In sum, the claim against Defendant must be based on allegations that Conway knowingly recruited, enticed, or solicited Plaintiff to cause Plaintiff "to engage in a sex act, on account of which anything of value is given to or received by any person" and that Defendant "knowingly" benefitted from or attempted or conspired to benefit from "knowingly assisting, supporting, or facilitating" Conway's alleged sex trafficking.

Accepting the allegations in the Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, a fair reading of the Complaint draws into question the viability of Count VI. As noted above, Defendant had "to know or should have known" that Conway was engaged in sex trafficking of Plaintiff. As this Court observed when construing the phrase "knew or should have known," under section 1591, this results in specification of "an objective standard of negligence." *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2022 WL 106733, at *9 (M.D. Tenn. Jan 11, 2022). Nothing in the allegations concerning the knowledge of Defendant could reasonably

6

infer that it should have known about a "commercial sex act" involving Plaintiff (or Conway), even if Plaintiff can establish that the alleged sex acts between Plaintiff and Conway were "on account of which anything of value is given to or received by any person," 18 U.S.C. § 1591, which issue the Court need not reach at this juncture. Moreover, Section 1591(a)(2) requires a showing that the Defendant benefitted from "participation in a venture" that has engaged in violation of subsection (a)(1). Nothing in the Amended Complaint suggests that Conway's actions were part of a venture, which requires a group of two or more persons. *See* 18 U.S.C. § 1591(e)(6); *see also*, *Powell*, 2025 WL 2306949 at *5 (dismissing sex trafficking claim because one person "acting alone and motivated by his personal sexual desires—is not a venture" within the meaning of 18 U.S.C. §§ 1591(a)(2) and 1595(a)).

Accordingly, Count VI will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Doc. No. 20) will be **DENIED** as to Count V (assault and battery) and **GRANTED** as to Count VI (sex trafficking). An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE